KAREN NELSON MOORE, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s conclusion that insufficient evidence supported the jury’s verdict for the plaintiff in this case. The plaintiff presented evidence at trial from which the jury could conclude that Garlock products were a “substantial factor” in bringing about Robert’s mesothelioma. Because the facts bearing on causation were disputed and capable of more than one reasonable inference, it was appropriate for the district court to deny Garlock’s motion for judgment as a matter of law following a verdict against it. Sykes v. Anderson, 625 F.3d 294, 305 (6th Cir.2010).
Dr. Frank, the plaintiffs well-qualified expert, explained that mesothelioma is a dose-response disease; as a result, the likelihood of mesothelioma goes up with increased exposure to asbestos fibers. The Sixth Circuit has stated that an expert’s opinion that “every exposure to asbestos, however slight, was a substantial factor” was insufficient to satisfy causation because it would render the substantial factor test “meaningless.” Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 493 (6th Cir.2005). The plaintiff, however, did not rely on testimony that low-dose exposures, “however slight,” may contribute to the development of mesothelioma.
Instead, Dr. Frank reviewed Robert’s medical records and occupational history and testified specifically that, in his opinion, Robert’s exposure to the Garlock gaskets was a contributing cause of his mesothelioma. Plaintiff presented expert testimony that removing Garlock gaskets in the manner Robert had employed generated asbestos dust that greatly exceeded OSHA guidelines for permissible exposure levels. In accordance with this evidence, Dr. Frank testified that breathing the toxic dust from old Garlock gaskets contributed to Robert’s mesothelioma. When counsel for Garlock questioned Dr. Frank extensively about Robert’s other asbestos exposures, Dr. Frank acknowledged that those other sources of asbestos dust were also contributing factors. Nonetheless, Dr. Frank testified that Garlock products in particular were a cause of Robert’s mesothelioma.
Garlock’s main defense at trial was that the type of asbestos in Garlock gaskets at the level of exposure experienced by Robert does not cause mesothelioma. Because “differences in opinions among medical experts,” when supported by peer-reviewed studies, “create material issues of fact which must be resolved by the jury,” Dr. Frank’s specific opinion that Garlock gaskets constituted a cause of Robert’s illness precludes judgment as a matter of law for *959 Garlock. Glaser v. Thompson Med. Co., 32 F.3d 969, 975 (6th Cir.1994). The defense expert acknowledged, furthermore, that government agencies and private health organizations, including the EPA and American Cancer Society, . have adopted policies recognizing that asbestos fibers of the type in Garlock gaskets are capable of causing mesothelioma.
The evidence presented at trial — which included test results obtained from removing gaskets in the manner that Moeller had employed and testimony from a medical expert who had reviewed Robert’s occupational history — permits the conclusion that Garlock products were a “substantial factor” in causing Robert’s mesothelioma. Lindstrom, 424 F.3d at 492. Although “[t]he testimony conflicted as to whether Garlock’s gaskets were dangerous,” I believe that “the jury was entitled to weigh that testimony, ascribing credibility as it saw fit.” Garlock Sealing Tech., LLC v. Robertson, No. 2009-CA-000483-MR, 2011 WL 1811683, at *5 (Ky.Ct.App. May 13, 2011). I therefore respectfully dissent.